PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Adulterating Milk.

No. 906.—Decided May 15, 1916.

PUBLIC HEALTH—ADULTERATION OF MILK—EVIDENCE.—When milk is adulterated it is not necessary to prove that the person who sold, offered or kept it for sale in that condition knew that it was adulterated, for the law does not so require, and there is no need to call witnesses who saw the defendant adulterate it.

ID.—ID.—SEALED CONTAINERS—EVIDENCE.—When milk is shipped by the vendor to the vendee by railroad in sealed containers marked with pasteboard labels showing its origin and upon being opened is found to be diluted with water and there is no proof that the seals had been broken, it cannot be held that the milk shown to be adulterated was not the same milk sold as pure milk because it was not found in the possession of the vendor or any of his employees.

The facts are stated in the opinion.

*Mr. Juan García Ducós* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Ramón Rodríguez Vélez owns a dairy farm in Isabela, a town within the judicial district of Aguadilla, and is engaged in the business of selling milk to other persons, shipping the same by railroad in closed and sealed containers marked with pasteboard labels showing its origin. One of his customers is Manuel Acevedo, who retails milk in Mayagüez. In April, 1915, a sanitary inspector visited Acevedo's milk-stand while the containers received from Ramón

Rodríguez Vélez were still sealed and unopened. He broke the seals of some of the containers and took samples of the milk therefrom, which he sent to the chemical laboratory in San Juan where it was analyzed and found to be diluted with water. Defendant Ramón Rodríguez Vélez admitted this fact at the trial and having been convicted of the offense of selling adulterated milk as pure milk, took the present appeal praying for the reversal of the judgment and his acquittal on the ground that the evidence did not show that the milk was adulterated when he sold it to Acevedo.

The reasons adduced by the appellant in support of his contention are: That no witness saw him adulterate the milk; that it was not proved that the adulterated milk was the same milk which he sold to Acevedo, or that he sold adulterated milk as pure milk, inasmuch as the adulterated milk was not found in his possession or in the possession of any of his employees.

When milk is adulterated it is not necessary to prove that the person who sold, offered, or kept it for sale in that condition knew that it was adulterated, for the law does not so require. As we said in the case of The People v. Gautier, 20 P. R. R. 311, ''The law punishes the mere act of keeping or offering adulterated 'or diluted milk for sale, therefore it is not necessary to prove that the person accused was the one who adulterated it or that he knew that it was adulterated.'' The same doctrine is applicable to a person who sells adulterated milk, and the prosecuting attorney was not required to introduce a witness who saw the appellant adulterate the milk which he sold.

The appellant is wrong in contending that the evidence did not show that the adulterated milk was the same milk which he sold to Acevedo, because of the fact that the seal of the container from which the sanitary inspector took the sample was somewhat loose, and because the said inspector did not furnish him with a duplicate of said sample. It was clearly proved that the inspector visited Acevedo's milk-stand

in Mayagüez at 7 a. m., or just about the time the milk arrived, and that although the sealed strap around the container from which the adulterated milk was taken was looser than the others, it had not been removed. No evidence was introduced to disprove this testimony, and therefore there is nothing that would justify holding that the milk in the container was not the same milk sold by the appellant who was accustomed to send Acevedo milk in containers with lead seals in order to prevent their being opened by any other person than the consignee. As to the fact that the sanitary inspector did not furnish him with duplicates of the samples which he took to be analyzed at the laboratory, there was no evidence as to whether such duplicates were or were not furnished to the appellant or to Acevedo, therefore we need not consider that question.

In conclusion, we will say that the evidence leaves no doubt that the milk shown to be adulterated was sold by the appellant to Acevedo, and the fact that it was not in the possession of the appellant or of his employees when found to be diluted does not alter the fact that he sold it adulterated, inasmuch as neither the purchaser nor any other person could adulterate it because the condition of the seals securing the containers was such as to preclude the contention that they had been tampered with.

There are no grounds on which to base a reversal and the judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.